IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAURIO M. BUTLER, ID # 1293977, | ) | |
|        Petitioner, | ) | |
| vs. | ) | No. 3:09-CV-0688-M (BH) |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|        Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his November 22, 2004 conviction for aggravated robbery in Cause No. F03-57980-H.  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On November 22, 2004, petitioner was convicted of aggravated robbery on a plea of guilty, and he received a fifteen year sentence.  (Am. Pet. Writ of Habeas Corpus (Am. Pet.) at 2.)  On December 20, 2005, the court of appeals affirmed the conviction. *Butler v. State*, Nos. 05-04-01810-CR, 05-04-01813-CR, 05-04-01811-CR, 05-04-01812-CR, 2005 WL 3471473, at *6 (Tex. App. – Dallas, Dec. 20, 2005, pet ref'd).  The Court of Criminal Appeals refused his petition for discretionary review (PDR) on June 21, 2006, denied petitioner's request for rehearing on the PDR on August 30, 2006, and finally disposed of the rehearing request on September 12, 2006.  *See* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=240603 (accessed June 17,

2009) (official internet site of the Texas Court of Criminal Appeals). The court of appeals issued its mandate on November 3, 2006. *See Butler v. State*, No. 05-04-01810-CR, http://www.courtstuff.com/FILES/05/04/05041810.HTM (docket sheet information generated June 11, 2009) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas).

On October 19, 2006, petitioner filed his first state application for writ of habeas corpus (Writ No. 66,498-04) to challenge the state conviction at issue in this action. (*See* Am. Pet. at 3.) On February 28, 2007, the Court of Criminal Appeals dismissed that application because petitioner's appeal was still pending. *See* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=249747 (accessed June 17, 2009) (follow links to ultimate disposition). Petitioner filed a second state application (Writ No. 66,498-07) on February 27, 2008. (*See* Am. Pet. at 4.) The Court of Criminal Appeals disposed of that application on February 11, 2009. *See* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=265247 (accessed June 17, 2009).

Petitioner filed a federal petition for writ of habeas corpus on or about April 15, 2009. (Pet. at 1.) He claims that he was denied due process and a fundamentally fair trial because: (1) he was subjected to an unreasonable search and seizure in violation of the Fourth Amendment; (2) the trial court failed to exclude evidence illegally obtained in violation of the Fourth Amendment; (3) he received ineffective assistance of trial counsel when his attorney induced him to plead guilty, presented no defense, and failed to seek to suppress an out-of-court identification that stemmed from his unlawful arrest; (4) the court of appeals failed to address every issue raised on appeal; and (5) his guilty plea was not entered knowingly and voluntarily. (*Id.* at 7-8 and attached pages.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to his case.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Here, petitioner appealed his conviction; the Texas Court of Criminal Appeals refused his petition for discretionary review on June 21, 2006, and his request for rehearing on August 30, 2006; and he filed no petition for writ of certiorari. Where a petitioner does not file a certiorari petition

3

after his PDR has been refused, the state conviction becomes final for purposes of § 2244(d) upon the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); Sup. Ct. R. 13. Sup. Ct. R. 13 generally calculates the ninety-day deadline from the "entry of the order denying discretionary review." It also provides, however, that where a request for rehearing has been filed, the ninety-day deadline is calculated from the date that the lower court denies the request.[1] Consequently, petitioner's conviction in this case became final on November 28, 2006, ninety days after his motion for rehearing was denied on August 30, 2006.[2]

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in this action became known or could have become known through the exercise of due diligence prior to the date petitioner's conviction became final. Each of the claims are based upon facts that petitioner would have known well before the Court of Criminal Appeals refused his petition for discretionary review.

Because petitioner filed his April 2009 petition more than one year after his conviction became final on November 28, 2006, a literal application of § 2244(d)(1) renders the filing untimely.

---

[1] Texas courts recognize and permit rehearing of PDR refusals in certain circumstances. *See*, *e.g.*, *Cortez v. State*, No. PD-1773-08, 2009 WL 693504, at *1 (Tex. Crim. App. Mar. 18, 2009).

[2] The docket reflects a September 12, 2006 entry stating a final disposition of the motion for rehearing. It appears to be an administrative entry and has no impact on the deadline for filing a petition for writ of certiorari. Even if the ninety-day deadline was calculated from this date, petitioner's federal petition would still be untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Because the Texas Court of Criminal Appeals dismissed petitioner's first state petition due to his pending appeal,[3] petitioner did not properly file such petition so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004) (holding that a state application for writ of habeas corpus that is erroneously accepted by a court which lacks jurisdiction over the writ is not properly filed); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (holding that the Texas Court of Criminal Appeals has no jurisdiction over a state writ until the direct appeal is final). Petitioner did not file his second state application until February 2008. By that time, the one-year period of limitations had expired. Petitioner is thus

---

[3] An individual convicted of a felony offense in Texas has two avenues through which he or she may challenge the conviction – direct appeal and state habeas. If the individual pursues a direct appeal, the appeal deprives the habeas courts of jurisdiction until it becomes final by entry of the mandate by the court of appeals. *See Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (per curiam) (recognizing that the Court of Criminal Appeals "does not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment from which relief is sought becomes final" by issuance of the mandate by the court of appeals). Here, petitioner filed a direct appeal, and the appellate court did not issue its mandate until November 3, 2006. Although the appeal was final for purposes of this federal habeas action when the Court of Criminal Appeals denied petitioner's motion for rehearing on August 30, 2006, and petitioner may have thought his appeal was final at that point for purposes of filing his state application for writ of habeas corpus, his appeal did not become legally final in accordance with Texas law until November 3, 2006. *See id.*

entitled to no statutory tolling under § 2244(d)(2). It is well settled that a document, filed in state court after the limitations has expired, does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

In addition, nothing in petitioner's federal filings indicate that rare and exceptional circumstances warrant equitable tolling. *See id.* (recognizing that statute of limitations is subject to equitable tolling). To warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). After his first state application was dismissed on February 28, 2007, petitioner did not file his second state habeas application until February 27, 2008. After the resolution of the second application in February 2009, he waited another two months before submitting his unsigned federal petition. He provides no explanation for these delays. Because petitioner has not diligently pursued federal habeas relief, equitable tolling is not warranted in this case.

Because neither statutory nor equitable tolling save petitioner's April 2009 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## IV.  EVIDENTIARY HEARING

Based upon the information before the Court, this action is untimely and an evidentiary hearing appears unnecessary.

## V.  RECOMMENDATION

The Court should find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 18th day of June, 2009.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE